**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**CHUNHUA CUI, et al.,**

                         **Plaintiffs,**

          **-against-**

**MONROE NAIL II CORP. d/b/a MONROE
NAILS, et al.,**

                         **Defendants.**
-----------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

**18-CV-4256 (RLM)**

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is plaintiffs' counsel's letter-motion requesting that the Court "reconsider its decision on Plaintiff[s'] motion to reconsider dated April 2, 2019 . . . declining to reconsider its March 22nd ruling with regard to plaintiffs' attorneys' fees . . . ." Second Motion for Reconsideration (Apr. 11, 2019), Electronic Case Filing Docket Entry ("DE") #35. The March 22nd ruling arose out of a hearing held on plaintiffs' motion for approval of the settlement in this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), the Court must determine whether the settlement is "fair and reasonable" under the circumstances, including the proposed allocation of attorneys' fees and costs. See Gervacio v. ARJ Laundry Servs. Inc., 17-cv-9632(AJN), 2019 WL 330631, at *1-*2 (S.D.N.Y. Jan. 25, 2019); Volquez v. Randy Mgmt., Inc., 17-CV-9117 (RA), 2019 WL 176705, at *1 (S.D.N.Y. Jan. 11, 2019).

      Here, the parties' proposed settlement provided for a total payment of $45,000, with $14,718 for attorneys' fees and $800 for costs allocated to plaintiffs' counsel. See Motion for

Settlement Approval (Mar. 21, 2019) ("Mot. for Settlement") at 3-4, 5, DE #30. Thus, the requested attorneys' fee represents approximately one-third of the total settlement amount, after deduction of costs. See id. As explained on the record at the hearing, and in this Court's Memorandum and Order declining to disturb its March 22nd ruling, see Memorandum and Order (Apr. 2, 2019) ("April 2 M&O"), DE #33, the Court concluded that, under the circumstances of this case, the amount of attorneys' fees requested is excessive. Accordingly, the Court ruled that it would approve the settlement only if plaintiffs' counsel reduced their fee to $7,500, and allocated the difference to the four plaintiffs on a *pro rata* basis. See Minute Entry (Mar. 22, 2019), DE #31.

Plaintiffs' counsel now argue, as they did in connection with their first motion for reconsideration, that because they are seeking a one-third contingency fee, they were not obligated to support their request by submitting any information about the backgrounds of the attorneys who worked on the case. See Second Motion for Reconsideration at 2; [First] Motion for Reconsideration (Mar. 27, 2019) at 1-2, DE #32. However, counsel do not, and cannot, dispute that "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees."[1] Gervacio, 2019 WL 330631, at *2 (citing Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000)); Lazo v. Kim's Nails at York Ave., Inc., 17-cv-3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (approving settlement on condition that

---

[1] Indeed, as part of their *Cheeks* submission, plaintiffs' counsel filed a copy of their billing records. See Mot. for Settlement, Ex. D, DE #30-4. They thus furnished the Court with information relating to the reasonableness of the hours expended on the case, but virtually no information as to the reasonableness of the hourly rates, which likewise factor into the lodestar analysis.

2

plaintiffs' counsel would reduce requested fee from $26,406.90, or one-third of total settlement, to $8,250). Although courts in this Circuit frequently approve one-third contingency fees in FLSA cases, this Court was nevertheless under an obligation to ensure that the fee in this case would not disproportionately compensate plaintiffs' counsel in light of the time and effort expended, as well as the results achieved for the clients.

As discussed in this Court's April 2 M&O, the lodestar amount asserted by plaintiffs' counsel here is greater than the "rate a paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 183, 189-90 (2d Cir. 2008). To wit, plaintiffs' counsel's hourly rates, as well as attorney hours billed, are excessive. See April 2 M&O at 2 & n.1. Ms. Liu had been practicing employment litigation for approximately one month when this case was filed -- insufficient experience to justify the $300 hourly rate originally claimed or the $200 rate proposed in counsel's first Motion for Reconsideration. See Gervacio, 2019 WL 330631, at *3 (in Southern District of New York, where rates are higher than in this District, court reduced first-year associate's rate to $175 per hour). As to the hours expended, all of the administrative tasks reflected in the billing records are charged at attorney's rates and many of the hours spent by the partner could have been completed by an associate at a lower billing rate. See Zhang v. Lin Kumo Japanese Rest. Inc., No. 13 Civ. 6667(PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (reducing attorneys' fees on *Cheeks* review because partner performed tasks that could have been performed by associates, and attorneys' rates were too high).

Thus, the Court's March 22nd ruling was amply supported by the facts and the law. In any event, counsel's latest motion is procedurally flawed, and on that ground alone may be

3

swiftly rejected. Plaintiffs' counsel ignore the fact that a litigant is entitled to but a single motion for reconsideration. See Frederick v. Capital One Bank (USA), N.A., 14-cv-5460 (AJN), 2017 WL 2666113, at *1 (S.D.N.Y. June 19, 2017); Lin v. United States, Nos. S3 09-cr-746 (SHS), 2015 WL 747115, at *2 (S.D.N.Y. Feb. 18, 2015). Even were it appropriate to seek reconsideration of a court's decision on a motion for reconsideration, plaintiffs' counsel once again have failed to identify any facts or caselaw that this Court has overlooked. See Range Road Music, Inc. v. Music Sales Corp., 90 F.Supp.2d 390, 392 (S.D.N.Y. 2000) ("limitation on motions for reconsideration is to ensure finality and to 'prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters'") (internal citation omitted). On a motion for reconsideration, a party is not permitted to "advance new facts, issues or arguments not previously presented to the Court." Image Processing Techs., LLC v. Canon Inc., No. CV 10-3867(SJF)(ETB), 2012 WL 253097, at *1 (E.D.N.Y. Jan. 26, 2012). That plaintiffs' counsel has now belatedly submitted information to support their attorneys' billing rates does not satisfy the requisite standard on an initial motion for reconsideration, let alone a successive one.

For the foregoing reasons, the Court again declines to modify its March 22nd ruling. The revised settlement agreement is due by April 18, 2019.

    **SO ORDERED.**

**Dated:** Brooklyn, New York
April 16, 2019

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**